CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 01 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. JASPER, ) | |
| A.K.A. EDWARD A. JASPER, ) | |
| Plaintiff, ) | Civil Action No. 7:08cv00051 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| B. PFEIFFER, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Plaintiff William A. Jasper, also known as Edward A. Jasper, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, seeking damages in the amount of $200,000.00 for claims arising out of an incident on October 17, 2007, at Red Onion State Prison, in Pound, Virginia.[1] As plaintiff has not submitted the necessary prepayment of the $350.00 filing fee, the court will construe his pleading as a request to proceed in forma pauperis and will deny that request, and the court will dismiss the instant complaint without prejudice.

According to court records, plaintiff has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore,

---

[1] Plaintiff's name is "William Antoine Jasper," but he often files complaints in the federal courts using the name "Edward Antoine Jasper." Plaintiff's Virginia Department of Corrections ("VDOC") identification number is "290522," but in the instant complaint he states that his identification number is "225092," which is the reverse of his VDOC identification number. Assuming plaintiff's artfulness with his VDOC identification number is not a deliberate attempt to circumvent his ineligibility to proceed without full prepayment of the filing fee, it is nonetheless not well-taken. Plaintiff is advised that inmates do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 Fed. App'x. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). Plaintiff is hereby warned that future malicious and abusive filings will result in the imposition of a pre-filing review system. Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the court that are not made in good faith will be summarily dismissed as malicious. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); In re Head, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings, and plaintiff may be subjected to the imposition of monetary sanctions. See 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b) and (c); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

[2] As "William Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Dailey, et al., 1:99cv01683 (E.D.
(continued...)

plaintiff may not proceed with this action unless he either pays the $350.00 filing fee in full or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court will dismiss the complaint without prejudice.[4]

---

[2](...continued)
Va. June 27, 2000); Jasper, et al. V. Harper, et al., 1:99cv01497 (E.D. Va. March 27, 2000); Jasper v. Rodriguez, et al., 7:00cv00159 (W.D. Va. May 16, 2000); Jasper v. Biggerstaff, et al., 1:01cv01059 (E.D. Va. September 17, 2001) (wherein plaintiff was explicitly notified of his "three strike" status); Jasper v. Henry, et al., 1:01cv01138 (August 15, 2001); and Jasper v. Harper, et al., 1:00cv00374 (E.D. Va. March 27, 2000). Additionally, the following claims were dismissed, after the assessment of plaintiff's status as a "three striker," for plaintiff's failure to prepay the filing fee in full: Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005); Jasper v. King, et al., 1:05cv00446 (E.D. Va. July 31, 2005); Jasper v. Lyle, et al., 1:05cv00488 (E.D. Va. July 31, 2005). After the dismissal of Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005), for failure to pay the fee in full, plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which entered an order specifically remarking plaintiff's ineligibility to proceed without full prepayment of the fees because of his "three strike" status. See Fourth Circuit Case No. 05-6805 (October 6, 2005).

As "Edward Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Fugate, 7:08cv00014 (W.D. Va. January 15, 2008); Jasper v. Mullins, et al., 7:07cv00497 (W.D. Va. November 8, 2007); and Jasper v. Fugate, 7:07cv00556 (W.D. Va. November 29, 2007).

[3] Plaintiff states that, on October 17, 2007, as he was receiving his food through the tray slot on his door, his butter fell on the floor from "the impact of c/o Pfeiffer lifting and opening [the] slot." Plaintiff then "informed and advised c/o Pfeiffer to replace this food item," but Officer Pfeiffer evidently declined to do so. Plaintiff alleges that, at some point during this discussion, he attempted to reach through the tray slot, whereupon Officer Pfeiffer "shut [the] slot on plaintiffs [sic] arm." Plaintiff asserts that he suffered "bruises, cuts and abrasions" from the "assault," that he "had to suffer until [the] wounds healed," that "he never recieved [sic] medical attention," that he "couldnt [sic] eat and sleep," and that he "cant [sic] sleep on his back and his stomach" or "on his side." Plaintiff filed a grievance regarding this incident, and the respondents to his Level I and II appeals indicated that a review of the evidence in this case, including "a pod video of this incident," revealed the following: plaintiff's "arm was not closed in the tray slot at any time"; plaintiff held "the tray slot open with [his] food tray from 7:09 AM until 7:40 AM"; "[t]he tray slot was closed without incident at 7:40 AM"; and the nurse made rounds and gave plaintiff his medication at 7:46 AM, and plaintiff "did not make any complaints to the nurse" that he had been assaulted and needed medical attention. Given these facts, the court finds that plaintiff's allegations fail to suggest that he faces "imminent" danger of "serious" physical harm arising from the incident on October 17, 2007.

[4] It is clear that plaintiff has been notified that the Prison Litigation Reform Act provides that, if an applicant has had three actions or appeals dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). See Fourth Circuit
(continued...)

2

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 1st day of ~~January~~ February, 2008.

/s/ Jack Conrad
United States District Judge

---

[4](...continued)
Case No. 05-6805 (October 6, 2005) (informing plaintiff that at least three of his actions had been dismissed by district courts and met the dismissal requirements of § 1915(g), and that "[t]he three qualifying dismissals are: Jasper v. Biggerstaff, No. 01-CV-1059 (E.D. Va. Sept. 17, 2001); Jasper v. Henry, No. 01-CV-1138 (E.D. Va. Aug. 15, 2001); and Jasper v. Rodriguez, No. 00-CV-159 (W.D. Va. May 16, 2000)"); see also Jasper v. Adams, et al., 7:08-cv-00011 (W.D. Va. January 24, 2008); Jasper v. Deel, et al., 7:08-cv-00044 (W.D. Va. January 25, 2008); and Jasper v. Honaker, et al., 7:07-cv-00393 (W.D. Va. January 24, 2008). Therefore, the court will not give plaintiff additional time to pay the filing fee.